UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

WADE A. TURPIN,                        )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )   No. 1:06-CV-54-TCM
                                       )
MARGARET E. MADISON a/k/a              )
MARGARET E. TURPIN,                    )
                                       )
            Defendant.                 )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Wade A. Turpin for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center, seeks monetary damages, as well as clear titles to certain mobile homes, in this action against defendant Margaret E. Madison a/k/a Margaret E. Turpin. Plaintiff alleges that he and defendant entered into a separation agreement on March 3, 2005, and that defendant is in breach of this agreement, because she "refuses to hand over the . . . property" to plaintiff. As grounds for filing this action in Federal Court, plaintiff states, as follows: "In violation of the U.S. Constitution Amendment Five and the Missouri Constitution under

2

section ten due process, no person shall be deprived of life, liberty or property."

At the outset, the Court finds that it lacks jurisdiction under 28 U.S.C. §§ 1331 and 1343(3), as well as 42 U.S.C. § 1983. Plaintiff does not set forth any laws or constitutionally-protected rights that defendant allegedly has violated, and defendant is not a "state actor." Liberally construing the complaint as being brought under 28 U.S.C. § 1332, the action should be dismissed, without prejudice, for lack of subject matter jurisdiction. Plaintiff does not claim that the amount in controversy exceeds $75,000, and, given that both plaintiff and defendant are Missouri residents, there is no diversity of citizenship.[1]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

---

[1] Furthermore, even if subject matter jurisdiction existed, the domestic relations exception would preclude the exercise of federal jurisdiction. Cf. Kahn v. Kahn, 21 F.3d 859 (8th Cir. 1994).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this ___30th___ day of May, 2006.


                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE